# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40409
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Josias Alejandro Torres,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-252-3

---

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Josias Alejandro Torres was convicted by a jury of conspiracy to possesses with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin. The district court sentenced Torres to 120 months in prison followed by five years of supervised release.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40409

On appeal Torres argues that there is insufficient evidence to support his conspiracy conviction. We review this challenge to the sufficiency of the evidence de novo. *See United States v. Williams*, 507 F.3d 905, 907-08 (5th Cir. 2007). "The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). Torres does not dispute that he was the driver and sole occupant of the vehicle containing the packages of heroin. There was testimony that Torres placed the packages of heroin in the suitcase and placed the suitcase in the vehicle. This testimony was not incredible as a matter of law. *United States v. White*, 219 F.3d 442, 448 (5th Cir. 2000). It is sufficient to defeat the assertion that the heroin was concealed in the vehicle by a third party. *See United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994); *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 361 (5th Cir. 2010). Viewing this evidence in the light most favorable to the verdict, we determine that a rational jury could conclude beyond a reasonable doubt that Torres knowingly and voluntarily participated in a conspiracy to distribute heroin. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Torres also argues that the admission of cellphone extraction data reports was error because the evidence was not supported by expert testimony. We review the district court's evidentiary rulings for an abuse of discretion. *See United States v. Sanjar*, 876 F.3d 725, 738 (5th Cir. 2017). The district court allowed lay witnesses to testify as to information recovered from Torres's cellphone in accordance with *United States v. Williams*, 83 F.4th 994, 997 (5th Cir. 2023). Torres argues that the court should reconsider *Williams*. Under the rule of orderliness, we must adhere to our precedent absent an intervening and unequivocal change in the law, such as

2

No. 24-40409

by statute or a decision from the Supreme Court or this court sitting en banc. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

AFFIRMED.